Case 6:15-cv-00006   Document 37   Filed in TXSD on 02/15/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CHRISTINA ADAME GARZA, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. V-15-006 |
| § | |
| GULF BEND CENTER, *et al.*, § | |
| Defendants. § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the "Motion for Judgment on the Pleadings and for Failure to State a Claim Under the Texas Constitution" ("Motion") [Doc. # 32] filed by Defendants Gulf Bend MHMR Center and David Way, to which Plaintiffs Christina Adame Garza, Raymond Garza, Jr., and Philip Daniel Henneke filed an Opposition [Doc. # 33], and Defendants filed a Reply [Doc. # 36]. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion and **dismisses** each Plaintiff's claim under the Texas Constitution.

## **I.    BACKGROUND**

Gulf Bend Center and Gulf Bend MHMR Center (collectively, "Gulf Bend") are non-profit entities providing mental health services in seven counties in south Texas. Plaintiffs were employed by Gulf Bend. Raymond Garza began working for

Gulf Bend in 2006, Christina Garza began working for Gulf Bend in 2007, and Philip Henneke began working for Gulf Bend in 2008.

In 2013, Gulf Bend planned to open and operate an Extended Observation Unit ("EOU") at the Citizens Medical Center in Victoria, Texas. EOUs provide emergency stabilization to individuals in mental health crisis. Funding for the EOU was provided by the Texas Department of State Health Services. Plaintiffs allege that the contract between Gulf Bend and the Texas Department of State Health Services required Gulf Bend to comply with the Texas Administrative Code in connection with the EOU. Plaintiffs and others took the position that the contract, therefore, required Gulf Bend to staff the EOU with a psychiatrist and nurses. Defendant David Way, Gulf Bend's Associate Executive Director, disagreed. When the EOU opened on January 1, 2014, its staff did not include a psychiatrist or nurses.

Plaintiffs allege that they questioned and reported Gulf Bend's decision not to staff the EOU with a psychiatrist and nurses, which Plaintiffs believed were required for Gulf Bend's EOU to comply with the contract and Texas law. Plaintiffs allege that, as a result, Gulf Bend terminated Henneke's employment on August 28, 2014, and terminated the Garzas' employment on November 13, 2014.

Plaintiffs filed this lawsuit challenging the termination of their employment. Originally, Plaintiffs alleged that Defendants violated 42 U.S.C. § 1983,

Section 161.134 of the Texas Health and Safety Code, and their rights under *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). Defendants moved to dismiss or for judgment on the pleadings as to the state law claims, and Plaintiffs conceded that the dismissal was appropriate. Plaintiffs then filed a First Amended Complaint [Doc. # 25], deleting their claims under the Texas Health and Safety Code and *Sabine Pilot*, and adding a claim under the Texas Constitution. Plaintiffs filed a Second Amended Complaint [Doc. # 31] to clarity that the Texas Constitution claims were asserted against only David Way in his official capacity and involved only requests for equitable relief.

Defendants filed their Motion, seeking dismissal only of each Plaintiff's claim under the Texas Constitution as barred by governmental immunity. Plaintiffs filed their Opposition, arguing that their claims fall within the *ultra vires* exception to governmental immunity. The Motion has been fully briefed and is now ripe for decision.

## II.  APPLICABLE LEGAL STANDARDS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The legal standards governing a motion under Rule 12(c) are the same as those governing a motion under

Rule 12(b)(6).  *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   GOVERNMENTAL IMMUNITY AND "*ULTRA VIRES*" EXCEPTION

Plaintiffs allege that they "suffered damages as a result of the violation by Gulf Bend and Way of [their] rights . . . under Article I, Section 8 of the Texas Constitution."  *See* Second Amended Complaint, ¶ 42, 47, 52.  Under the Texas Constitution, "[e]very person shall be at liberty to speak, write or publish his opinions

on any subject, being responsible for the abuse of that privilege . . . ." TEX. CONST. art. I, § 8. Although there is no private right of action for damages arising under this provision of the Texas Constitution, equitable relief may be available. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147-49 (Tex. 1995). In the Second Amended Complaint, each Plaintiff seeks to recover from Way "equitable relief for the violation of [the Texas Constitution], including but not limited to past and future lost wages and benefits (or reinstatement in lieu of future lost wages and benefits)." Second Amended Complaint, ¶¶ 42, 47, 52.

"Under Texas law, sovereign immunity protects the state, its political subdivisions, and cities from lawsuits for money damages or other retroactive relief by depriving a court of subject matter jurisdiction." *Stem v. Gomez*, __ F.3d __, 2016 WL 520284, *6 (5th Cir. Feb. 8, 2016) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 375-76 (Tex. 2009); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)). "Immunity still applies when a plaintiff mischaracterizes a suit for money damages as one for a declaratory judgment." *Id.* (citing *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011)). As a result, Plaintiffs clearly cannot seek back pay or benefits against Way for violation of the Texas Constitution. *Id.*

Plaintiffs also seek future lost pay and benefits, or reinstatement in lieu of future lost pay and benefits. Plaintiffs argue that the *ultra vires* exception to sovereign

immunity permits them to pursue prospective equitable relief. The *ultra vires* exception permits a lawsuit to proceed only if the plaintiffs allege that the state official "acted without legal authority or failed to perform a purely ministerial act." *Id.* (citing *Heinrich*, 284 S.W.3d at 372).

Plaintiffs in their Second Amended Complaint do not identify in what manner Defendant Way in his official capacity violated their rights under the Texas Constitution. In their Opposition, however, they state that they have sued "for retaliatory terminations for their speech concerning mismanagement and illegal behavior." *See* Opposition, p. 1. Therefore, the proper defendant for any purported *ultra vires* claim would be the government official "who had the power to terminate [Plaintiffs'] employment, actually did terminate [their] employment, and now have the power to reinstate [them]." *Stem*, 2016 WL 520284 at *7. Plaintiffs in the Second Amended Complaint do not allege that Way had the power to terminate their employment, do not allege factually Way's role, if any, in the decision to terminate Plaintiffs' employment, and do not allege that he now has the power to reinstate them. Instead, Plaintiffs allege that Gulf Bend employed Way as its ***associate*** executive director. *See* Second Amended Complaint, ¶ 11. Plaintiffs allege that Way was Plaintiff Henneke's direct supervisor, and they again identify Way as the ***associate*** executive director of Gulf Bend. *See id.*, ¶ 16. Plaintiffs allege that Henneke was told

that his employment was terminated during a meeting with Way, Glenn Zengerle (Gulf Bend's Director of Business Administration), and Linda McLaughlin (Director of Human Resources and Benefits). *See id.*, ¶ 33. Plaintiffs allege that "Gulf Bend terminated" the Garza Plaintiffs the day after a meeting with "members of Gulf Bend's management, including Way, Glenn Zengerle, Lane Johnson, Anna Arage, and Glenn Mears." *See id.*, ¶¶ 36-37. The only reasonable inference that can be drawn from these limited allegations is that Way, as associate executive director of Gulf Bend, was displeased with Plaintiffs and participated in meetings with other members of Gulf Bend management which occurred shortly before Plaintiffs were terminated. These allegations fail to state a claim under the *ultra vires* exception to the governmental immunity that applies to the Texas Constitution claim against Way in his official capacity.[1] *See Stem*, 2016 WL 520284 at *7.

## IV.   CONCLUSION AND ORDER

Plaintiffs have failed to allege a factual basis for the application of the *ultra vires* exception to governmental immunity as to their Texas Constitution claim against Defendant Way in his official capacity. Because Way in his official capacity enjoys

---

[1] Even were Plaintiffs to allege that Way had final authority to terminate their employment and that he did so in violation of their rights under the Texas Constitution, these would be allegations that he wrongly exercised his discretion to terminate them, not that he lacked the authority to do so. *See Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 517-18 (Tex. App. – Austin 2010, no pet.).

governmental immunity for any involvement in the decision to terminate Plaintiffs' employment, it is hereby

**ORDERED** that Defendants' Motion for Judgment on the Pleadings and for Failure to State a Claim under the Texas Constitution [Doc. # 32] is **GRANTED**. Each Plaintiff's claim under the Texas Constitution is **DISMISSED WITH PREJUDICE**. Each Plaintiff's § 1983 claim remains pending. It is further

**ORDERED** that the **March 15, 2016**, deadline for mediation remains in effect.

SIGNED at Houston, Texas, this **15th** day of **February, 2016**.

*[signature]*

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE